# EXHIBIT A

Thomas Alston
10012 Cedarhollow Lane
Largo, MD 20774

January 30, 2015

CSC Lawyers Incorp. Serv Co
7 Saint Paul Street, Suite 820
Baltimore, Maryland 21202

    RE:    Three (3) Summons Enclosed

Dear CSC:

Enclosed are summonses for Select Portfolio Servicing Inc. and Credit Suisse Financial Corporation for case number CAL15-00290 and a summons for Wells Fargo Bank NA for case number CAL15-00291. Please forward the summons to the proper parties.

    Sincerely,

    Thomas Alston



Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                                                  Case ID: CAL15-00291

State of Maryland, Prince George's County to wit:

To:  Wells Fargo Bank NA
     c/o CSC Lawyers Incorp Serv Co
     7 St Paul St, Ste 1660
     Baltimore, MD 21202

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:
NEIL F LETREN
105 EAST MILL AVENUCE
CAPITAL HEIGHTS MD 20743

Within 30 days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland.

Date Issued: January 16, 2015                    _Sydney J. Harrison_
                                                      Clerk 216

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
3. Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                              Sheriff _____
Note:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as requiredby Rule 2-126 (a).
4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons:                                      Case ID: CAL15-00291

State of Maryland, Prince George's County to wit:

To:   Wells Fargo Bank NA
      c/o CSC Lawyers Incorp Serv Co
      7 St Paul St, Ste 1660
      Baltimore, MD 21202

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:
NEIL F LETREN
105 EAST MILL AVENUCE
CAPITAL HEIGHTS MD 20743

Within 30 days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland.

Date issued: January 16, 2015

_Sydney __ _____son_
Clerk 216

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
3. Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                                      Sheriff _____
Note:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

**NEIL F. LETREN** )
105 East Mill Avenue )
Capital Heights, Maryland 20743 )
)
    Plaintiff, )
)
v. ) Civil Action No. CAL14-00291
)
**Wells Fargo Bank, N.A.** )
Serve: CSC-Lawyers Incorporating Service Co. )
7 Saint Paul Street, Suite 1660 )
Baltimore, MD 21202 )

FILED JAN 14 2015
CLERK OF THE CIRCUIT COURT
PRINCE GEORGE'S COUNTY, MD.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Neil F. Letren, files suit against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and the common law tort of defamation.

### PARTIES

2. The Plaintiff, Neil F. Letren, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

3. Defendant Wells Fargo is a national banking association organized under the laws of the United States. Wells Fargo Home Mortgage ("WFHM") is a division of Wells Fargo Bank, N.A and primarily services loans for Wells Fargo. America's Servicing Company ("ASC") is a division of Wells Fargo Home Mortgage ("WFHM") that services loans for other investors under the ASC name. As part of servicing duties and functions, ASC or WFHM furnishes credit information on its mortgagors to the credit bureaus.

## FACTUAL ALLEGATIONS

### *105 E. Mill Ave Property*

4. Mr. Letren owns residential property located at 105 East Mill Avenue, Capital Heights, Maryland 20743 ("Primary Home"). The Primary Home was subject to a mortgage loan, which was serviced by ASC from 2007 to 2010.

5. In or about December 2009 Mr. Letren filed for bankruptcy, which was discharged in March 2010.

6. The Primary Home was retained and thus was not subject to the bankruptcy and the subsequent discharge.

7. Mr. Letren continued to make mortgage payments to ASC after filing for bankruptcy. His payments to ASC continued until ASC transferred the mortgage loan to Marix in June 2010.

### *Bethesda Property*

8. Mr. Letren owned residential property located at 6414 Camrose Terrace, Bethesda, Maryland 20815 ("Bethesda Property"). The Bethesda Property was subject to a mortgage loan, which was serviced by WFHM.

9. The Bethesda Property was included in the bankruptcy and it was subject to the bankruptcy discharge order in March 2010.

10. Mr. Letren no longer had a personal financial obligation to pay WFHM after the Bethesda Property was discharged in the bankruptcy.

11. WFHM foreclosed on the Bethesda Property in or after April 2010, which was after the order discharging Mr. Letren from any financial obligation on the Bethesda Property.

*Auto Loan*

12.     Mr. Letren was a co-signer for an automobile purchase that was financed by Wells Fargo Auto Finance.

13.     The automobile was totaled in a car accident in 2009 or 2010.

14.     Mr. Letren's financial obligations under the car loan were completely satisfied by a payment from the insurance company that was insuring the subject automobile.

15.     Wells Fargo Auto Finance was fully and completely satisfied and thus Wells Fargo did not issue a 1099-C for a cancellation of any part of the debt.

## COUNT ONE: VIOLATION OF FCRA
## (15 U.S.C. §1681s-2(b))

16.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

17.     In September 2013 Plaintiff sought to refinance his Property and learned that ASC was reporting his Primary Home mortgage account as being seriously delinquent and included or discharged in the bankruptcy. He also noted that WFHM was reporting that he had a outstanding balance of $529,720, scheduled monthly payment of $3,841, past due amount of $46,089 and foreclosure on the Bethesda Property. The reporting was incongruent as it simultaneously indicated that it was a part of the bankruptcy. He further noted that Wells Fargo Auto Finance was reporting that Plaintiff paid the car loan for less than the full amount.

18.     Thereafter, Plaintiff disputed the ASC, WFHM and Wells Fargo Auto Finance tradelines with the credit bureaus. Included in his dispute letters were documents and/or information establishing that (i) the ASC mortgage account was paid as agreed and not included in the bankruptcy; (ii) the Bethesda Property debt obligation was included the bankruptcy and

that the bankruptcy discharged his payment obligations to WFHM; and (iii) the insurance company satisfied the car loan in full.

19. Upon information and belief, the credit bureaus forwarded Plaintiff's disputes to ASC, WFHM and WF Auto Finance for an investigation. The credit bureaus stated that each Wells Fargo entity verified and confirmed that the tradelines contained accurate information.

20. Wells Fargo's failure to fully and properly investigate the Plaintiff's disputes violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) on one or more occasions within two years of the filing of this suit.

21. Wells Fargo's failure to review all relevant information provided by the credit bureaus violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) on one or more occasions within two years of the filing of this suit.

22. As a result of this conduct, action and inaction of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: credit damage, credit denial, lost of credit opportunity, pecuniary costs and expenses related to alternative financing, damage to reputation, embarrassment, headaches, sleeplessness, humiliation and other emotional and mental distress.

23. Defendant's conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

24. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: DEFAMATION

25. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

26. Defendant intentionally and maliciously made false statements publically about Plaintiff's credit history. Such false statements were made to the credit bureaus and eventually propagated by the credit bureaus to other creditors and users of credit information.

27. Defendant did not have a privilege to publish the subject false statements.

28. As a result of Defendant's publication, Plaintiff's credit scored has been reduced, credit applications have been denied, and credit and business opportunities have been lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

29. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,
NEIL F. LETREN

Neil F. Letren
105 East Mill Avenue
Capital Heights, Maryland 20743
Tel: (240) 838-6601

